**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David Antonio ESCOBAR–MENJIVAR,**
**Defendant—Appellant.**

No. 10–10059.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Jan. 4, 2011.

Robert A. Bork, Assistant U.S., U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

MEMORANDUM **

David Antonio Escobar–Menjivar appeals from his conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We may affirm on any ground supported by the record. *See United States v. Tello,* 600 F.3d 1161, 1167 n. 6 (9th Cir.2010). We affirm.

Escobar–Menjivar contends that the district court erred in denying his motion to dismiss the indictment because the prior removal alleged in the indictment was the product of a fundamentally unfair deportation proceeding. On appeal, Escobar–Menjivar argues that he was not adequately advised of possible eligibility for relief from removal pursuant to 8 U.S.C. § 1229c(a). The contention fails because Escobar–Menjivar cannot demonstrate prejudice from any alleged due process violation, as he was previously permitted to voluntarily depart. *See* 8 U.S.C. § 1229c(c); *see also United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1054 (9th Cir.2003) (holding that district court should have denied motion to dismiss an 8 U.S.C. § 1326 indictment where the defendant failed to show prejudice resulting from due process violation in deportation proceedings).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.